IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDELL L. MURPHY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0826-K |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | (Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3-08-CV-1073-K) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kendell L. Murphy, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged in two indictments with aggravated assault and murder. After pleading not guilty, petitioner was convicted of both charges by the same jury. Punishment was assessed at 10 years confinement in the aggravated assault case and 35 years confinement in the murder case. Both convictions were affirmed on direct appeal. *Murphy v. State*, Nos. 05-05-00677-CR & 05-05-00730-CR, 2006 WL 1576309 (Tex. App.--Dallas, Jun. 9, 2006, no pet.). Petitioner also challenged his convictions on state collateral review. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Murphy*, Nos. 67,273-02 & 67,273-03 (Tex. Crim. App. Dec. 12, 2007). Petitioner then filed this action in federal district court.[1]

---

[1] Petitioner filed two identical federal writs in the Tyler Division of the Eastern District of Texas. Because petitioner was convicted and sentenced in Dallas County, Texas, the cases were transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 2241(d). *Murphy v. Director, TDCJ-CID*, No. 6-08-CV-116 (E.D.

II.

In four grounds for relief, petitioner contends that: (1) his conviction was the result of evidence obtained by an illegal arrest; (2) the jury was improperly impaneled; (3) the prosecutor withheld evidence favorable to the defense; and (4) he received ineffective assistance of counsel.[2]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-23, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it

---

Tex. Apr. 15, 2008); *Murphy v. Director, TDCJ-CID*, No. 6-08-CV-117 (E.D. Tex. Mar. 31, 2008). The two cases were subsequently consolidated and referred to the magistrate judge for report and recommendation. *See* Order, 8/19/08.

[2] To the extent petitioner intends to present claims that are not addressed herein, it is because the court is unable to decipher his pleadings. As one court recently observed:

> Principles requiring generous construction of *pro se* pleadings are not without limits. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would "require .. [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Mitchell v. Turner*, No. 1-07-CV-2097, 2007 WL 3216969 at *1 (N.D. Ohio Oct. 31, 2007), *quoting Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985), *cert. denied*, 106 S.Ct. 1475 (1986). *See also Smith v. Jackson*, No. 04-CV-40256-FL, 2006 WL 950269 at *2 (E.D. Mich. Apr. 12, 2006) (noting that a district court is not required "to divine" the issues that a prisoner is attempting to raise in his habeas petition).

relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that his conviction was the result of evidence obtained by an illegal arrest. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *See Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1347 (2006) (citing cases). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003). A habeas petitioner must plead and prove that

the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

There is no question that Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues. *See Kendricks v. Quarterman*, No. 3-05-CV-1722-N, 2008 WL 2081549 at *3 (N.D. Tex. May 1, 2008). Petitioner could have filed a motion to suppress any illegally obtained evidence and objected when the state attempted to introduce such evidence at trial. That petitioner did not take advantage of those opportunities does not render the *Stone* bar inapplicable. *See Janecka*, 301 F.3d at 320; *Caver*, 577 F.2d at 1192. This claim is barred from federal habeas review.[3]

C.

Next, petitioner complains that the jurors he selected were not permitted to serve on the petit jury. In rejecting this claim on state collateral review, the court found that "Applicant fails to understand that the prosecutor could use challenges for cause and peremptory strikes to eliminate jurors that appeared to be in favor of Applicant or that he wanted selected for his case." *Ex parte Murphy*, No. 67,273-02, Tr. at 29, ¶ 12; *Ex parte Murphy*, No. 67,273-03, Tr. at 29, ¶ 12. Petitioner has failed to rebut that finding by clear and convincing evidence. Nor has he identified any constitutional deficiencies in the jury selection process. This ground for relief is without merit and should be overruled.

---

[3] Petitioner appears to argue that he was arrested based on unreliable identification testimony obtained during an inadequate police investigation. (*See* Hab. Pet. at 7, Exh. B at 1-5). To the extent petitioner contends that this identification testimony was factually insufficient to support his convictions, as he did on direct appeal, such a claim is not cognizable in a federal habeas proceeding. *See Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13-14 (N.D. Tex. Sept. 14, 2001) (citing cases), *COA denied*, No. 01-11332 (5th Cir. Jan. 18, 2002). To the extent petitioner argues that the police investigation was inadequate, "[d]efendants do not enjoy a general constitutional right to a proper or thorough investigation of the offense with which they are charged." *Riley v. Quarterman*, No. H-07-2087, 2008 WL 4425366 at *7 (S.D. Tex. Sept. 24, 2008).

D.

Petitioner also accuses the prosecutor of withholding exculpatory evidence. The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993); *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

As best the court can decipher, petitioner appears to allege that the prosecution withheld "genetic DNA" evidence. However, in an affidavit submitted to the state habeas court, defense counsel said he was unaware of any exculpatory evidence withheld by the prosecutor. *Ex parte Murphy*, No. 67,273-02, Tr. at 34; *Ex parte Murphy*, No. 67,273-03, Tr. at 34. Not only is there no indication that the prosecutor withheld DNA evidence, but the record shows that such evidence was presented at trial. Dr. Kimberlee Allen, a forensic analyst, testified that petitioner and his identical twin brother, Londell Murphy, were possible sources of DNA obtained from a pair of shorts found inside their apartment. The same shorts also contained genetic markers matching Bryan Witcher, the murder victim. (*See* SF-IV at 51-69, St. Exh. 46). Where, as here, the evidence at issue was disclosed at trial, there is no *Brady* violation. *See Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994). Moreover, the state habeas court found that the DNA evidence "was of little relevance or consequence to the trial." *Ex parte Murphy*, No. 67,273-02, Tr. at 29, ¶ 8; *Ex parte Murphy*, No.

67,273-03, Tr. at 29, ¶ 8. Petitioner offers no evidence, much less clear and convincing evidence, to rebut that finding. This ground for relief should be overruled.

E.

In his final ground for relief, petitioner contends that he received ineffective assistance of counsel at trial and on appeal. The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

1.

The court initially observes that most of petitioner's claims are conclusory in nature. Although petitioner contends that his attorney failed to file a motion to suppress or object to DNA evidence, he does not articulate any grounds for such a motion or an objection. Nor does petitioner explain how his attorney could have prevented his extradition from Arkansas. Likewise, there is no meaningful argument, much less evidence, that petitioner was prejudiced by not being allowed to participate in the jury selection process. Petitioner complains that his attorney failed to impeach

certain witnesses, but does not identify the testimony that should have been impeached or a basis for impeachment. While petitioner alleges that his attorney became "vengeful" after a grievance was filed against him, there is absolutely no evidence to support that assertion. Nor has petitioner identified any grounds on which his lawyer could have successfully moved for a rehearing after his conviction was affirmed on direct appeal. These vague, conclusory, and self-serving allegations do not merit federal habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 523 (N.D. Tex. 2001) (citing cases), *COA denied*, No. 01-11404 (5th Cir. Mar. 14, 2002) (conclusory allegations are insufficient to establish ineffective assistance of counsel).

2.

Other instances of ineffective assistance of counsel cited by petitioner are conclusively negated by the record. Petitioner criticizes his attorney for failing to object to hearsay testimony by Irby Walton. However, the record shows that counsel did make a hearsay objection when Walton attempted to testify about statements made by the murder victim, Bryan Witcher, about a fight involving petitioner. (*See* SF-III at 35-38). The trial judge sustained the objection and ruled that the testimony was inadmissible. (*Id.* at 38). Petitioner also contends that his attorney was ineffective for failing to object to the indictment on jurisdictional grounds. When petitioner raised a similar claim in his state writ, the habeas court found that the indictment properly vested the trial court with jurisdiction. *Ex parte Murphy*, No. 67,273-02, Tr. at 29, ¶ 10; *Ex parte Murphy*, No. 67,273-03, Tr. at 29, ¶ 10. And while petitioner believes that his appellate lawyer failed to challenge the credibility of the evidence, including the testimony of Glen Timmons, the record shows that very claim was raised on direct appeal. *See Murphy*, 2006 WL 1576309 at *1-3.

3.

The only aspect of petitioner's ineffective assistance of counsel claim that warrants extended discussion involves the failure to obtain testimony from someone at Baylor Hospital regarding the injuries sustained by the assault victim. At trial, Glen Timmons testified that he was standing outside a convenience store when he was approached by two men. (SF-III 131). One of the men stabbed Timmons in the stomach. (*Id.*). The other man stabbed him in the back. (*Id.*). As Timmons ran to a parking lot, he saw the men stab Bryan Witcher. (*Id.* at 132). Timmons identified the two men as petitioner and his identical twin brother, Londell Murphy. (*Id.* at 140-41). He showed the jury his stab wounds and the holes in his clothes caused by the weapons he described as "kitchen knives." (*Id.* at 154-56). The state introduced medical records from Baylor Hospital confirming that Timmons told a nurse he had been stabbed by a kitchen knife. (*Id.* at 158 & St. Exh. 18).

On cross-examination, defense counsel attempted to impeach Timmons by hospital records describing his wounds as "very superficial." (*Id.* at 198-99). Evidently, petitioner believes that additional evidence would have cast doubt on whether Timmons was stabbed by a kitchen knife as he testified to at trial. In rejecting this claim on collateral review, the state habeas court found that petitioner "failed to show how the medical records from Baylor Hospital were relevant or provided any exculpatory evidence which would have been to his benefit." *Ex parte Murphy*, No. 67,273-02, Tr. at 29, ¶ 4; *Ex parte Murphy*, No. 67,273-03, Tr. at 29, ¶ 4. Not only has petitioner failed to rebut this finding, but other evidence introduced at trial strongly suggests that Timmons was stabbed by a kitchen knife. The same two men who stabbed Timmons also stabbed and killed Witcher. An autopsy found that the fatal stab wound was inflicted by a knife with a blade width between 3/8 of an inch and 1/2 of an inch. (SF-IV at 110). Dr. Janis Townsend-Parchman, the doctor who performed the Witcher autopsy, testified that a steak knife could have caused the wound. (*Id.*).

Petitioner has failed to proffer any evidence to rebut this testimony. Without such evidence, there is no basis for federal habeas relief. *See Diez v. Director, TDCJ-CID*, No. 6-05-CV-116, 2005 WL 2736444 at *4 (E.D. Tex. Oct. 24, 2005), *citing Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 107 S.Ct. 873 (1987) (complaints of uncalled witnesses are not favored in federal habeas proceedings "because allegations of what the witness would have testified to are largely speculative").

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE